UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.

**DECISION AND ORDER**
19-CR-221-A

THADDEUS COLEMAN, JR.,

               Defendant.

     In this single-count, single-defendant case, Defendant Thaddeus Coleman, Jr. is charged with felon in possession of firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The incident giving rise to this charge was a controlled buy that took place on or about August 16, 2018 (Dkt. No. 11).  This case was referred (Dkt. No. 13) to Magistrate Judge Michael J. Roemer pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings.

     The Court presumes the parties' familiarity with the record, the procedural history, and the arguments before the Court.

     On December 17, 2021, Magistrate Judge Roemer issued a Decision and Order (Dkt. No. 71) denying Defendant's omnibus pre-trial motions, and Defendant filed an appeal (Dkt. No. 75) of that Decision and Order.  On April 6, 2022, this Court issued a Decision and Order (Dkt. No. 86) granting the appeal in part and denying it in part, re-referring particular issues back to the Magistrate Judge for further consideration and development of the record.  As is pertinent to the instant

objections, those re-referred issues included (1) the audio playback of the video recording of the controlled buy, in which audio plays for the initial portion of the video but then inexplicably "cuts out" for the remainder; (2) Defendant's demand for *Brady/Giglio* material as to criminal defendant and former DEA Special Agent Joseph Bongiovanni (who is charged federally in *United States v. Joseph Bongiovanni*, 19-CR-227), whose extent of involvement in the case was unclear, as well as any records of interactions between the Confidential Source ("CS") and Defendant and any authored reports or investigative materials originating from Bongiovanni that might be used at trial; and (3) the possibility of a conflict with defense counsel's firm previously representing Bongiovanni at the outset of his criminal case.

Upon re-referral, Magistrate Judge Roemer held numerous Court proceedings, required additional briefing and actions by the parties, held an evidentiary hearing regarding the video recording of the controlled buy, conducted a *Curcio* hearing, and held oral argument on all outstanding issues.

Magistrate Judge Roemer issued the instant Report, Recommendation and Order ("RR&O") (Dkt. No. 130) on May 5, 2023. Defendant filed objections (Dkt. Nos. 132 and 136) to the RR&O and the Government filed a response in opposition (Dkt. No. 141). The Court heard oral argument on July 26, 2023, at which time the matter was deemed submitted.

Judge Roemer recommends Defendant be permitted to proceed to trial with his current counsel because the potential conflict-of-interest with defense counsel's

firm is waivable, and Defendant's waiver was knowing and intelligent.  This ruling is uncontested, as are other rulings aside from the two further outlined herein.

First, Judge Roemer recommends denying Defendant's motion to dismiss the Indictment based on the Government's alleged spoliation of evidence, *i.e.*, the missing audio on the video recording.  Judge Roemer also recommends denying Defendant's related, alternative motion to suppress the video-recorded evidence, while noting that admissibility of the recording and its probative value are ultimately up to this Court for purposes of the trial.

Second, Judge Roemer denied in part and granted in part Defendant's motion to compel production of *Brady*/*Giglio* material.[1]  Judge Roemer conducted an *in camera* review of Bongiovanni's personnel file, and the AUSAs filed Court-ordered affirmations attesting to their search of all records from the Bongiovanni investigatory/criminal case file and that they found neither exculpatory evidence favorable to Defendant nor information linking any of Bongiovanni's criminal conduct—or conduct within the scope of the federal investigation—to the CS.  In the RR&O, Judge Roemer ordered the Government to produce two potentially relevant sets of documents for impeachment of Bongiovanni (*see* Dkt. No. 130, p. 23) and otherwise found that the balance of information in the personnel files was neither

---

[1] Judge Roemer found that Bongiovanni played an "extensive" or "lead" role in the investigation of Defendant, contrary to the Government's initial representation that he was only tangentially involved.  Thus, Judge Roemer reasoned, Defendant is likely a hearsay declarant "whose statements are likely to be admitted at trial" even if he does not testify at the trial, meaning the Government has an obligation to turn over related *Giglio* material.  At oral argument before this Court, the Government confirmed that Bongiovanni will not be called as a witness at the trial, although the CS and a number of law enforcement officers who were also involved in the controlled buy will be.

exculpatory nor qualified as *Giglio* material.  Moreover, he reasoned Defendant has knowledge of and access to the detailed criminal allegations against Bongiovanni in 19-CR-227 and thus ample opportunity to impeach his credibility, and thus declined to grant Defendant's request for production of the entire Bongiovanni case file.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court applies a *de novo* standard of review to the portions of a Report and Recommendation to which timely and specific objections have been raised.  With respect to Orders issued by a Magistrate Judge, this Court reviews them for clear error.  *See* 28 U.S.C. § 636(b)(1)(A).

Upon *de novo* review the Court adopts the thorough and well-reasoned recommendations made by the Magistrate Judge, and upon clear error review finds there is no reason to overturn his orders.  No further discussion is necessary.

Accordingly, for the reasons set forth in the RR&O, it is hereby

**ORDERED** that the RR&O (Dkt. No. 130) is adopted in its entirety, including the recommendation that Defendant be permitted to proceed to trial with his current counsel, amongst the other recommendations and rulings that are uncontested by Defendant; and it is further

**ORDERED** that Defendant's objections and appeal are denied (Dkt. Nos. 132 and 136); and it is further

**ORDERED** that Defendant's motion to dismiss the Indictment based on the Government's alleged spoliation of evidence and alternative motion to suppress/ preclude the video-recorded evidence (Dkt. Nos. 121 and 122) are both denied; and it is further

**ORDERED** that Defendant's request for production of the entire Bongiovanni case file is denied.

The parties shall appear for a status conference to set a date for trial on July 31, 2023, at 9:00 a.m.

**IT IS SO ORDERED.**

_s/Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  July 27, 2023
         Buffalo, New York